UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
|---|---|---|---|
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 1 of 15 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [16] AND DEFENDANT'S MOTION TO DISMISS [12]**

On July 12, 2019, Plaintiff Sam Force filed his Complaint in Ventura County Superior Court against Defendants Advanced Structural Technologies, Inc. ("AST"), Advanced Structural Alloys, LLC ("ASA"), ASA Intermediary, LLC ("ASA Intermediary"), and Crosse ASA Investors, LLC ("Crosse"). Antoyan Decl., Ex. E ("Compl.") [Doc. # 3-1]. On February 3, 2020, Plaintiff filed the operative First Amended Complaint, which includes 17 causes of action against Defendants. *Id.*, Ex. B ("FAC") [Doc. # 3-1]. On March 6, 2020, AST removed the action to this Court. Notice of Removal ("NOR") [Doc. # 1]. On March 13, 2020, AST filed an Amended Notice of Removal. Amended Notice of Removal ("ANR") [Doc. # 11.] Both the NOR and ANR state that federal question and supplemental jurisdiction are the grounds for removal. NOR at ¶ 5; ANR at ¶ 6.

On March 13, 2020, AST also filed a Motion to Dismiss Plaintiff's 9th, 10th, 13th, and 14th causes of action. Motion to Dismiss ("MTD") [Doc. # 12]. The MTD is fully briefed. [Doc. ## 13-14]. On April 6, 2020, Plaintiff filed a Motion to Remand this case to state court. Motion to Remand ("MTR") [Doc. # 16]. The MTR is also fully briefed. [Doc. ## 21-22.] For the reasons stated below, the Court **DENIES** Plaintiff's MTR and **GRANTS in part** and **DENIES in part** AST's MTD.

**I.
JUDICIAL NOTICE**

AST requests that the Court take judicial notice of several documents, including: ASA Intermediary's Certificate of Cancellation from California's Secretary of State, ASA's Certificate of Dissolution from California's Secretary of State, and the results of AST's search for "Crosse ASA Investors, LLC" on California's Secretary of State's Business Search webpage. *See* Request for Judicial Notice ("RJN") [Doc. # 4]. Courts may take judicial notice of any fact not subject to reasonable dispute that can be immediately and accurately determined by reliable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 2 of 15 |

sources. Fed. R. Evid. 201(b)(2). Pursuant to this rule, courts frequently take judicial notice of public filings, including documents filed with secretaries of state. *See, e.g.*, *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1192 (C.D. Cal. 2015) (taking judicial notice of merger documents filed with the Delaware Secretary of State).

The Court relies on ASA Intermediary's Certificate of Cancellation in reaching its decision, and therefore **GRANTS** AST's RJN as to that document (Ex. F).[1] Because the Court need not rely on the other documents attached to the RJN, it **DENIES as moot** the RJN in all other respects.

## II.
## FACTUAL BACKGROUND

Plaintiff alleges that Defendants jointly employed him from "the beginning of 2016 until at least July 14, 2017." FAC at ¶¶ 16, 26. Although Defendants allegedly promised to pay Plaintiff a regular rate and overtime, *id.* at ¶ 24, Plaintiff alleges that Defendants withheld "*at least some* overtime" payments due to him throughout his employment. *Id.* at ¶ 27. Plaintiff alleges that, as a result of the unpaid overtime, his wage statements were inaccurate. *Id.* at ¶¶ 37–38. Plaintiff further alleges that, "[a]t the time of [his] termination," Defendants did not pay him all that was due to him, even though Plaintiff had requested that Defendants "provide him with his employment and personnel records." *Id.* at ¶¶ 35–36.

Plaintiff claims that Defendants' conduct violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, several common law tort doctrines, and various provisions of California's Labor Code ("Code"). *See generally id.* At issue here, Plaintiff's ninth cause of action alleges that Defendants violated sections 226 and 432 of the Code by failing to provide Plaintiff with "accurate itemized wage statements" and "an opportunity to inspect his employment records." *Id.* at ¶¶ 118–23. Plaintiff's 10th and 14th causes of action allege that that Defendants violated sections 1198.5 and 432 of the Code by failing to provide Plaintiff with "accurate itemized wage statements" and "an opportunity to inspect his . . . personnel records." *Id.* at ¶¶ 134–36, 171, 177. And Plaintiff's 13th cause of action alleges that Defendants violated sections 1174(c)–(d) and 1174.5 by willfully failing to maintain and provide accurate personnel

---

[1] Finding it necessary to resolve the MTR, the Court also exercises its discretion to take judicial notice *sua sponte* of ASA Intermediary's status as a "Voluntarily Cancelled" LLC in Delaware (the state of its incorporation). *See* Fed. R. Evid. 201(c)(1); St. of Del. Entity Search, https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx (search "ASA Intermediary" in "Entity Name" box, click the link, and then request additional information).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 3 of 15 |

and payroll records.  *Id.* at ¶¶ 166–67.  Plaintiff claims that these violations entitle him to statutory penalties, civil penalties, and injunctive relief.  *See id.* at ¶¶ 122, 124, 135, 168–69, 175–76.

## III.
## MOTION TO REMAND

### A. Legal Standard

A party may remove any action originally filed in state court to a federal district court if the action could have originally been filed in federal court.  28 U.S.C. § 1441(a).  An action could be originally filed in federal district court, and is thus removable to that court, if it presents a federal question arising under the Constitution or laws of the United States.  28 U.S.C. § 1331.  In addition, if a complaint contains at least one cause of action containing a federal question, the federal court may exercise supplemental jurisdiction over non-federal claims in the complaint that arise out of a "common nucleus of operative fact" with the federal claim.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see* 28 U.S.C. § 1367(a).

While state courts have jurisdiction to hear all cases and controversies, federal courts have limited jurisdiction.  *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018).  Accordingly, "[t]he party invoking the removal statute bears the burden of establishing federal jurisdiction."  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).  For this reason, in the Ninth Circuit, the "removal statute is construed strictly against removal jurisdiction."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

### B. Discussion

Plaintiff makes two primary arguments in support of his MTR:  (1) AST's ANR was untimely; and (2) the ANR violated the rule of unanimity.  MTR at 18–19,[2] 21–22.  Plaintiff also argues in the alternative that even if AST properly removed the federal claims, the Court should decline to exercise supplemental jurisdiction over his state law claims.  *Id.* at 22.[3]

---

[2] All page references herein are to page numbers inserted by the CM/ECF system.

[3] Plaintiff makes several evidentiary objections to the documents upon which AST relies.  Plaintiff appears to claim that Federal Rule of Civil Procedure 56 supports these objections, MTR at 13, but that Rule pertains to summary judgment, not the pleading stage.  But even if it did apply here, the Ninth Circuit has ruled that courts can consider inadmissible evidence in reviewing a Rule 56 motion, so long as the evidence at issue could be presented in admissible form at trial.  *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016) ("at summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 4 of 15 |

### 1. AST Timely Filed the ANR

Plaintiff first argues that AST's ANR was untimely. Plaintiff filed his FAC on February 3, 2020. *See* FAC. AST filed its initial NOR on March 6, 2020, exactly 30 days after Plaintiff filed the FAC. NOR at 4. But the NOR was defective. AST claimed that, to the best of its knowledge, no other Defendants besides AST had been served at the time of removal. NOR at ¶ 9. AST now admits, however, that the state court docket showed at the time of removal that ASA Intermediary had also received service. Opp. at 4. To correct its mistake, AST then filed its ANR on March 13, 2020—without this Court's leave and 37 days after AST received service of Plaintiff's FAC. ANR at ¶ 11.

Plaintiff argues that this series of events violates the statutory requirement that notices of removal be filed within 30 days of receipt of an initial pleading. MTR at 18-19; 28 U.S.C. § 1446(b). The Court disagrees. As a rule, while a party may not amend a notice of removal after 30 days to add a "separate basis for removal jurisdiction," it may do so to correct a "defective allegation of jurisdiction." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000); *also compare Emeldi v. Univ. of Or.*, 673 F.3d 1218, 1230 (9th Cir. 2012) (permitting removing defendant to file amended notice of removal to correct the name of the county in which the action was originally filed) *with ARCO*, 213 F.3d at 1117 (declining to allow defendant to amend notice of removal to add new substantive grounds for federal jurisdiction). Moreover, it does not appear that removing defendants must seek leave of court before amending a notice of removal to cure defective jurisdictional allegations. 28 U.S.C. § 1653; *see also Emeldi*, 673 F.3d at 1230; *ARCO*, 213 F.3d at 1117.

The facts of this case are more similar to *Emeldi* than to *ARCO*. AST amended its notice to state that an additional Defendant had been served, but made no substantive changes that affected the Court's overall jurisdiction. *See generally* ANR. Additionally, as a practical matter, AST's amendment could not possibly prejudice Plaintiff, who presumably knew which parties he had served at the time of removal. Since AST's amendment simply cured the defective allegation about whether ASA Intermediary had been served, the amendment was proper and did not render AST's removal untimely.

---

underlying evidence could be provided in an admissible form at trial"). Plaintiff's hearsay and foundation objections are therefore **OVERRULED**. Plaintiff also objects to much of the Antoyan Declaration attached to Defendants Opposition as "argumentative," relying on this District's Local Rule 7-7, which requires that parties limit the contents of declarations to factual matter. C.D. Cal. L.R. 7-7. Whether or not the Local Rule provides a basis for an *evidentiary* objection, the Court determines that none of the objected-to material is a legal or factual argument. To the extent that *any* of the declaration contains a legal argument, the Court has relied only on the declaration's factual assertions in reaching its ruling. This objection is therefore **OVERRULED** as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 5 of 15 |

**2.     The NOR Satisfies the Rule of Unanimity**

The FAC lists three Defendants in addition to AST—ASA, ASA Intermediary, and Crosse—but none of those Defendants joined in the removal. *See* FAC; ANR. Plaintiff claims that the other Defendants' failure to join violates the "rule of unanimity," which dictates that all properly named and served defendants must join a removal petition for the petition to be valid. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to removal of the action."); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties."). For reasons unique to each of the three non-removing Defendants, however, Plaintiff's argument is unpersuasive. The Court discusses each non-removing Defendant in turn.

**i.     ASA**

Plaintiff provides no evidence that ASA (as opposed to ASA Intermediary) was ever served. *Cf.* MTR at 10 (noting that "Plaintiff provided the Proofs of Service as to AST and ASA INTERMEDIARY" but not mentioning ASA); Reply at 3 (listing AST's failure to include ASA Intermediary and Crosse—but not ASA—as reasons the ANR failed to satisfy the rule of unanimity). Given that the rule of unanimity applies only to defendants who have been properly served, 28 U.S.C. § 1446(b)(2)(A), ASA's failure to join in or consent to the removal does not violate the rule.

**ii.     ASA Intermediary**

In contrast to ASA, as discussed above, Plaintiff served ASA Intermediary on February 5, 2020. Francisco Decl., Ex. D [Doc. # 16-2.] But AST argues that ASA Intermediary's service was nevertheless improper because ASA Intermediary is a cancelled LLC, and therefore cannot be joined to Plaintiff's action. Opp. at 7-8.

The record indeed reflects that ASA Intermediary became a cancelled LLC in both of its domiciles before Plaintiff served it. *See* Section I, *supra*. ASA Intermediary filed a certificate of cancellation with the California Secretary of State in 2017. Antoyan Decl., Ex. F. ASA Intermediary is also cancelled in Delaware according to that State's Secretary of State's website. *See* St. of Del. Entity Search, https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx.

The question of whether a cancelled LLC may be properly served and joined in a lawsuit, however, has no clear answer. Federal Rule of Civil Procedure 17 states that courts should rely on the "law of the state where the court is located" to determine whether an LLC can sue or be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
|---|---|---|---|
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 6 of 15 |

sued. Fed R. Civ. P. 17(b)(3). California law therefore controls. AST argues, based on two decisions from courts in this District interpreting California law, that cancelled LLCs are incapable of suing or being sued. *See Best Tire & Serv. Ctrs., LLC v. Goodyear Tire & Rubber Co.*, 2017 WL 1017642, at *3 (C.D. Cal. Feb. 14, 2017); *Mirshafiei v. Legal Recovery Law Officers, Inc.*, 2016 WL 11464745, at *6 (C.D. Cal. Oct. 5, 2016). But both *Best Tire* and *Mirshafiei* concerned actions by or against LLCs that became cancelled before January 1, 2016, when material amendments to California's corporate code had not yet taken effect. *Best Tire*, 2017 WL 1017642 at *2 (LLC cancelled in 2014); *Mirshafiei*, 2016 WL 11464745 at *6 (LLC cancelled as of 2014).

Prior to 2016, an LLC that had filed a certificate of *dissolution* still existed in order to, *inter alia*, wind up its affairs and "prosecute and defend certain actions by or against it." Cal. Corp. Code § 17707.06 (effective Jan. 1, 2014 to Dec. 31, 2015). In contrast, once an LLC filed a certificate of *cancellation*, the "limited liability company [is] cancelled and its powers, rights, and privileges shall cease." Cal. Corp. Code § 17707.08(c). In other words, prior to 2016, California law distinguished between dissolved and cancelled LLCs: the former could, in some circumstances, sued and be sued, while the latter could not.

But the California Legislature amended the corporate code such that, as of January 1, 2016, an LLC that has filed a certificate of *cancellation* "nevertheless continues to exist for the purpose of winding up its affairs [and] prosecuting and defending actions by or against it in order to collect and discharge obligations . . . ." Cal. Corp. Code § 17707.06(a) (effective Jan. 1, 2016). Confusingly, however, the Legislature left unamended section 17707.08, which still indicates that cancelled LLCs have no right to participate in litigation under any circumstances. Cal. Corp. Code § 17707.08(c).

Before the amendment, the California Court of Appeal held that "[a] non-existent entity may not be effectively served with summons as a named defendant." *Omega Video Inc. v. Superior Court*, 146 Cal. App. 3d 470, 477 (1983). If a cancelled LLC can "continue to exist" for purposes of winding up, the inverse inference is that it ceases to exist for all other purposes in light of section 17707.08(c). Since this case does not concern ASA Intermediary's winding up, pre-amendment authority, such as *Omega Video*, *Best Tire & Serv. Ctrs.*, and *Mirshafieito* suggest that ASA Intermediary did not exist for purposes of service of process in this suit. Since it could not be properly served, it did not need to consent to AST's removal for purposes of the rule of unanimity.

The Court's review of post-amendment case law has not revealed any decision from any court that directly addresses the seemingly contradictory provisions in sections 17707.06(a) and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 7 of 15 |

17707.08(c). The Court must therefore turn to canons of statutory interpretation to reconcile them, to the extent that the amendment has affected the continued validity of the pre-amendment authority cited above.

The "general/specific" canon dictates that courts should give effect to narrowly-drawn statutory provisions when they conflict with more general provisions. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 834 (1976). Applied to this case, the rule suggests that the Court should effectuate the newly-amended section 17707.06, as it more specifically pertains to whether a cancelled LLC may sue or be sued. *Compare* Cal. Corp. Code § 17707.06(a) (stating that a cancelled LLC continues to exist for the specific purpose of "prosecuting and defending actions by or against it"), *with* Cal. Corp. Code § 17707.08(c) (stating more generally that a cancelled LLC loses its "powers, rights, and privileges").

Multiple other canons, however, militate against applying section 17707.06 at the expense of 17707.08. First, whenever possible, courts should enforce statutes in a way that harmonizes them rather than places them in conflict. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (courts should "accord more coherence" to disparate statutory provisions where possible); *See also* Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 189 (2012) (detailing the "Harmonious-Reading Canon"). Permitting section 17707.06 to entirely supplant section 17707.08's mandate that cancelled LLCs forfeit all rights and privileges would run counter to this canon.

Reading the two sections not as mutually exclusive provisions, but as components of a larger statutory framework, is helpful in avoiding that result. *See United States v. Morton*, 467 U.S. 822, 828 (1984) ("We do not . . . construe statutory phrases in isolation, we read them as a whole."); Scalia & Garner, *supra*, at 167 (describing the "Whole-Text Canon"). Section 17707.06's terms make clear that it relates primarily to the "winding up" of a cancelled LLC's affairs and assets. *See* Cal. Corp. Code § 17707.06(a) ("A limited liability company that has filed a certificate of cancellation nevertheless continues to exist *for the purpose of winding up its affairs* [and] prosecuting and defending actions by or against it in order to collect and discharge obligations . . . . A limited liability company *shall not continue business except so far as necessary for its winding up*.") (emphasis added). It is therefore possible to read section 17707.06(a) as announcing the following narrow exception to section 17707.08(c)'s broader rule: cancelled LLCs lose all rights and privileges, except that they may participate in lawsuits for the purpose of winding up their affairs.

Additionally, where statutory language is ambiguous or contested, courts should favor a construction that furthers the apparent purpose of the enacting legislature. *See* William N.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 8 of 15 |

Eskridge, Jr. et al., *Cases and Materials on Legislation and Regulation: Statutes and the Creation of Public Policy* 1210 (5th ed. 2014) (articulating the importance of purposive construction). Relevant here, it appears that the California Legislature amended section 17707.06 to clarify when a dissolution occurs (rather than to clarify the scope of an LLC's rights after cancellation). *See* Rutter Group Cal. Prac. Guide Pass-Through Entities, at ¶ 6:822 ("The amendment [to section 17707.06] was requested by the [California] Secretary of State, apparently out of concern over when a dissolution occurs . . . ."). This context suggests that the Court should limit section 17707.06's application to cases concerning an LLC's dissolution or "winding up" process.

With the context and purpose of section 17707.06 in mind, it would be inappropriate to construe the 2016 amendment broadly to fundamentally alter all LLCs' rights after cancellation. Instead, a narrower reading of 17707.06 is appropriate: a cancelled LLC may sue or be sued, but only where such litigation concerns the winding up of an LLC's affairs or the question of when or whether an LLC was dissolved or cancelled. This is not such a case. Instead, this case arises out of a dispute about Plaintiff's wages and health care benefits while he allegedly worked for ASA Intermediary. *See* FAC at ¶¶ 19–43. Further, there can be no dispute as to when ASA Intermediary was cancelled, as publicly available documents make clear ASA Intermediary was cancelled in 2017 in both California and Delaware. *See* Antoyan Decl., Ex. F; St. of Del. Entity Search, https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx.

The Court therefore concludes that section 17707.08(c) controls and ASA Intermediary has no ability to participate in this action. *See* Cal. Com. Code § 17707.08(c).

Since ASA Intermediary could not consent to the removal, holding that AST's removal was improper without ASA Intermediary's joinder would achieve an absurd result and encourage gamesmanship. First, such a holding would require any defendant sued in state court who wishes to remove the action to federal court, but who was sued alongside a cancelled LLC, to persuade the LLC to take action that it is statutorily prohibited from taking. Second, such a holding would essentially guarantee that any case filed in state court that includes a cancelled LLC as a defendant would remain there regardless of whether a federal court would otherwise have removal jurisdiction. To avoid inviting such jurisdictional shenanigans, the Court concludes that ASA Intermediary's failure to join in the removal does not violate the rule of unanimity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 9 of 15 |

### iii. Crosse

Finally, Plaintiff contends that Crosse's failure to join in the removal violates the rule of unanimity. Reply at 4. This argument fails, however, because Crosse did not receive service until after AST filed both its initial and amended notices of removal.[4] *See* Francisco Decl., Ex. E. [Doc. # 20-1]. Since the absence of an unserved defendant from a notice of removal does not violate the rule of unanimity, Crosse's failure to join in the removal is irrelevant.[5] 28 U.S.C. § 1446(b)(2)(A); *see Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1055–56 (C.D. Cal. 2019) (noting that the Ninth Circuit has interpreted section 1446(b)(2)(A) according to its plain meaning such that "*[a]t the time of removal*, only those defendants who have been properly joined and served need provide their consent [to removal]") (emphasis added).

In sum, AST's removal was timely and did not run afoul of the rule of unanimity. The Court therefore declines to remand the action to state court.

### 3. This Court Will Exercise Supplemental Jurisdiction Over the State Law Claims

As an alternative argument, Plaintiff asks this Court to remand his state law claims even if removal was proper. MTR at 22. Where claims based on federal law have a "common nucleus of operative fact" with those alleged under state law, federal courts should exercise supplemental jurisdiction over the state law claims absent certain unusual circumstances. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."); *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019).

---

[4] AST makes the following additional arguments as to why Crosse's absence from the ANR does not violate the rule of unanimity: (1) Plaintiff violated Federal Rule of Civil Procedure 5(a) by waiting to inform AST of Crosse's service for an extended period of time, and (2) the party served ("Crosse/Partners") has a different name than the party listed in the complaint ("Crosse ASA Investors, LLC") and that the true defendant in the action was therefore never served. Opp. at 8. Because the Court can conclude on other grounds that Crosse's failure to join in the removal did not violate the rule of unanimity, the Court need not address these arguments.

[5] Courts recognize that, in cases where a defendant files a notice of removal extraordinarily quickly or there is other reason to believe that a plaintiff had no time to serve other defendants before a defendant removed the action, the plain language of section 1446(b)(2)(A) could give way to avoid "absurd or bizarre results." *See Dechow*, 358 F. Supp. 3d at 1055–56. There are no such facts in this case. Plaintiff had 36 days after filing its FAC to serve any defendants it wished to serve before AST filed its ANR. FAC at 39; ANR at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
|---|---|---|---|
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 10 of 15 |

It is undisputed that the Court has jurisdiction over Plaintiff's federal claims under ERISA and the FMLA. *See* FAC at ¶¶ 44–55. Plaintiffs additional state law claims all appear to arise out of the same facts that underlie his federal claims. Indeed, Plaintiff's factual allegations appear in a single section of the FAC and form the basis for all 17 claims against Defendants. *See* FAC at ¶¶ 19–43. It is therefore appropriate for this Court to exercise jurisdiction over Plaintiff's state law claims.

**C.    Conclusion**

For the foregoing reasons, the Court **DENIES** Plaintiff's MTR in its entirety. Because the Court has federal question and supplemental jurisdiction over this action, it must also decide AST's MTD.

**IV.
MOTION TO DISMISS**

**A.    Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must include a "short and plain statement" that provides a defendant with "fair notice of what the claim is" and articulates enough facts to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "The plausibility standard is not akin to a 'probability requirement'"; rather the plausibility standard necessitates that a plaintiff allege "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet the plausibility standard, a plaintiff must plead sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In contrast, mere legal conclusions are not entitled to the assumption of truth and, thus, fail to meet the plausibility standard. *Id.* To determine whether a claim satisfies the plausibility standard, a court must accept all factual allegations as true, *id.* (citing *Twombly*, 550 U.S. at 555), and must "construe the complaint in the light most favorable to the plaintiff," *Shwarz v. U.S.*, 234 F.3d 428, 435 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
|---|---|---|---|
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 11 of 15 |

**B.  Discussion**

AST moves to dismiss Plaintiff's 9th, 10th, 13th, and 14th causes of action, which allege violations of California Labor Code sections 226, 432, 1198.5, 1174(c)–(d), and 1174.5, respectively. *See generally* FAC. The Court addresses each cause of action in turn.

**1.  Plaintiff's 9th Cause of Action for Failure to Provide Employment Records and Accurate Itemized Wage Statements**

In his 9th cause of action, Plaintiff alleges that he is entitled to statutory penalties and injunctive relief because Defendants violated section 226 of California's Labor Code by "willfully" failing to provide Plaintiff with "accurate itemized wage statements," and section 432 of California's Labor Code by failing to provide Plaintiff with "an opportunity to inspect his employment records."[6] FAC at ¶¶ 118–24. AST moves to dismiss Plaintiff's 9th cause of action on the grounds that: (1) "Plaintiff failed to bring his claim for civil penalties within the one-year statute of limitations"; and (2) Plaintiff failed to adequately state his claim for injunctive relief. *See* MTD at 3. The Court examines Plaintiff's claim under each statutory provision separately.

**i.  Section 226**

Section 226(a) requires employers to maintain and provide their current employees with "accurate itemized [wage] statement[s]" that show, among other things, their total hours worked and gross wages earned during a given wage period. Cal. Lab. Code § 226(a). Additionally, sections 226(b)–(c) require employers to comply within 21 days with any current *and* former employee's request to "inspect or receive a copy of [their employment] record[s]." Cal. Lab. Code §§ 226(b)–(c). Any failure to comply with sections 226(a)–(c) subjects an employer to statutory penalties or injunctive relief. Cal. Lab. Code §§ 226(e)(1)–(2)(A), (f), (h).

As an initial matter, Plaintiff lacks standing to bring his section 226 claim for injunctive relief because he is no longer Defendants' employee and thus is no longer at risk of receiving future inaccurate wage statements. *See* FAC at ¶ 34; *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017) (former employees have "no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding [that] he or she has some personal need for prospective relief.") (internal citations omitted); *see*

---

[6] The Court does not understand the FAC to seek actual damages arising out of the 9th cause of action. FAC at ¶¶ 122–24 (explicitly seeking "penalties" and "injunctive relief"); Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . [a] demand for the relief sought, which may include relief in the alternative or different types of relief.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 12 of 15 |

*also Davidson v Kimberly-Clark Corp.*, 873 F.3d 1103, 1113 (9th Cir. 2017) (threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute injury in fact supporting injunctive relief).

It is also apparent on the face of the FAC that Plaintiff's claim for penalties is, in part, time barred. In California, an action for penalties or forfeiture is subject to a one-year statute of limitations. *See* Cal. Civ. Proc. Code § 338(a).

Plaintiff vaguely alleges that Defendants failed to provide him with his employment records after he made two requests: once during his employment, and again after his termination. FAC at ¶¶ 35, 119. These allegations suggest the statute of limitations has expired as to Plaintiff's claim arising from his first request, since he was terminated in 2017 and filed his Complaint in 2019. *See id.* at ¶ 26.

But because Plaintiff's FAC omits the date of his post-termination request, the Court is unsure whether Defendants' second failure to provide Plaintiff's records fell outside the one-year statute of limitations. If Plaintiff made his second request more than a year and 21 days before he filed his Complaint, Plaintiff's claim for penalties would be time-barred. Conversely, if he made his second request within that time period, his claim would be timely. As a rule, courts must resolve questions as to the timing of certain events based on ambiguous allegations in the plaintiff's favor at the pleading stage and may dismiss a claim as time-barred only "[w]hen the running of the statute [of limitations] is apparent from the face of a complaint." *Conerly v. Westinghouse Elec. Corp.*, 623 F.3d 117, 119 (9th Cir. 1980). The Court therefore cannot grant Defendants' motion as to Plaintiff's section 226 claim for penalties based on his post-termination request.

Thus, the Court **GRANTS** the MTD as to Plaintiff's section 226 claim for injunctive relief due to lack of standing, without leave to amend. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) ("Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'"). The Court also **GRANTS** the MTD as to Plaintiff's section 226 claim for statutory penalties arising out of his pre-termination request, without leave to amend. The Court **DENIES** the MTD as to Plaintiff's section 226 claim for penalties based on his post-termination request.

        **ii.**     **Section 432**

California Labor Code section 432 requires employers to provide employees and applicants for employment with copies of all documents that they signed "relating to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2219-DMG (AGRx)** | Date | August 6, 2020 |
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 13 of 15 |

obtaining or holding of [their] employment" upon request. Cal. Lab. Code § 432. Here, Plaintiff makes no allegation that he requested a document *that he previously signed*. *See generally* FAC. Thus, the Court **GRANTS** the MTD as to Plaintiff's section 432 claim, with leave to amend.

> 2. **Plaintiff's 10th and 14th Causes for Failure to Keep, Maintain, and Provide Personnel Records**

In his 10th and 14th causes of action, Plaintiff alleges that Defendants violated sections 1198.5 and 432 by "failing to provide accurate itemized wage statements." FAC at ¶ 134. Plaintiff alleges that this claim entitles him to statutory penalties. *Id.* at ¶ 135. AST once again argues that his claims are time-barred and inadequately pled. *See* MTD at 3–4.

> i. **Section 1198.5**

Section 1198.5 of California's Labor Code requires Defendants to make current and former employees' personnel records available for inspection either "30 calendar days from the date the employer receives a written request" or on a date agreed upon that "does not exceed 35 calendar days from the employer's receipt of the written request." *See* Cal. Lab. Code §§ 1198.5(a)–(c). Employers are subject to statutory penalties if they fail to comply with their current or former employees' requests under section 1198.5. Cal. Lab. Code § 1198.5(k).

Plaintiff argues that the effective statute of limitations is four years from his last date of employment, but he is incorrect. Opp. at 15. Because section 1198.5 requires employers to maintain their current and former employees' personnel records "for a period of not less than three years after termination of employment," Plaintiff assumes that the one-year statute of limitations applicable to statutory penalties begins to accrue at the end of the three-year record-maintenance period. Cal. Lab. Code § 1198.5(c)(1); *see also* Opp. at 14–15. But Plaintiff cites no authority to support his reading of the statute. To the contrary, section 1198.5 states only that employers must furnish employment records to requesting employees within 30 or 35 days, and that the employer shall store those records for three years. The Court sees no reason to toll the statute of limitations based on the statutory language. Since Plaintiff's complained-of injury took place when Defendants allegedly failed to furnish the records within the required number of days, the generally-applicable one-year statutory period began to run upon the expiration of the 30- or 35-day period. Cal. Lab. Code § 1198.5(k) (plaintiffs are entitled to remedies after an employer "fails to permit a current or former employee" from "inspect[ing] or copy[ing] personnel records" within the requisite time period).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-2219-DMG (AGRx) | Date | August 6, 2020 |
|---|---|---|---|
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 14 of 15 |

AST also misunderstands the relevant statutory period. It argues that the statute of limitations began to accrue upon Plaintiff's termination. *See* MTD at 4. But section 1198.5 grants both current and *former* employees the right to request their records, and thus the one-year statute of limitation could have theoretically accrued at any point in the three years following Plaintiff's termination. *See* Cal. Lab. Code §§ 1198.5(a)–(c).

Plaintiff alleges, as discussed above, that he requested his records before and after his termination. Because Defendants terminated Plaintiff nearly two years before he filed his Complaint, the statute of limitations clearly bars any claim arising from records requests that Plaintiff made during his employment. But, once again, the FAC is not pleaded adequately enough for the Court to determine whether Plaintiff's post-termination requests fall within the statute of limitations. If Plaintiff made his final request to inspect his employment records more than a year and 35 days before he filed the Complaint, his claim is time-barred. Conversely, if Plaintiff made the request less than a year and 35 days before he filed the Complaint, his claim is timely.

Even assuming that Plaintiff's claim based on his post-termination request is timely, he has not adequately pled it. To state a claim under section 1198.5, a plaintiff must allege that: (1) he made a written request; (2) he requested either for the opportunity to inspect his personnel records or to receive a copy of his personnel records; and (3) the employer failed to make the records available within either 30 or 35 days "from the employer's receipt of the written request." *See* Cal. Lab. Code §§ 1198.5(a)–(c). Plaintiff's failure to allege that he made any section 1198.5 requests *in writing* is therefore fatal to his claim. *See* FAC at ¶ 35.

Accordingly, the Court **GRANTS** the MTD as to Plaintiff's section 1198.5 claim to the extent it arises out of his pre-termination request, without leave to amend. IT **GRANTS** the MTD as to Plaintiff's section 1198.5 claim to the extent it arises out of his post-termination request, with leave to amend.

### ii. Section 432

The Court **GRANTS**, with leave to amend, the MTD as to Plaintiff's 10th cause of action for section 432 violations for the same reason that it **GRANTED** the MTD as to Plaintiff's 9th cause of action for section 432 violations—Plaintiff has not alleged that that he requested any *signed* instrument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2219-DMG (AGRx) | Date | August 6, 2020 |
| Title | *Sam Force v. Advanced Structural Technologies, Inc., et al.* | Page | 15 of 15 |

### 3. Plaintiff's 13th Cause of Action for Failure to Keep and Maintain Accurate Payroll Records

Finally, Plaintiff purports to seek civil penalties for Defendants' alleged violations of Labor Code sections 1174(c)–(d) and 1174.5 for willfully failing to keep accurate personnel and payroll records. FAC at ¶¶ 163–69. Regardless of whether the statute of limitations has run on this claim, Plaintiff may not pursue it. Section 1174 requires employers to keep certain records and provide the State of California with the ability to inspect those records. Cal. Lab. Code § 1174. These records include "the names and addresses of all employees employed," "the ages of all minors," "hours worked daily," and "wages paid." Cal. Lab. Code § 1174(a), (c)–(d). While section 1174 allows the California Labor Commission to seek civil penalties, it does not provide a private right of action. *See* Cal. Lab. Code § 1174.5; *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 958 (N.D. Cal. 2016). The MTD is therefore **GRANTED**, without leave to amend, as to this claim.

## V.
## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's MTR, and **GRANTS in part** and **DENIES in part** AST's MTD. The MTD is **DENIED** as to Plaintiff's section 226 claim for penalties based on his post-termination request for records. It is **GRANTED** in all other respects. The Court also **GRANTS** Plaintiff leave to amend his section 432 claim and his section 1198.5 claim based on his post-termination records request. The Court's leave to amend does not permit Plaintiff to add any additional causes of action. Plaintiff shall file his Second Amended Complaint ("SAC"), or notify Defendants and the Court of his intent not to do so, by **August 27, 2020**. Defendants shall file their response within 21 days after the filing and service of the SAC.

**IT IS SO ORDERED**.